UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VINCENT MAMELLI AND<br>CYNTHIA MAMELLI | CIVIL ACTION |
| VERSUS | NO. 06-9002 |
| STATE FARM FIRE AND CASUALTY<br>COMPANY, KERT LEBLANC, AND<br>KERT LEBLANC INSURANCE AGENCY,<br>INCORPORATED | SECTION "C" (4) |

ORDER AND REASONS

This matter comes before the Court on motion to remand filed by the plaintiffs, Vincent Mamelli and Cynthia Mamelli. Having considered the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiffs' claims concern unpaid claims for hurricane damage under a homeowner's policy issued by defendant State Farm Fire and Casualty Company ("State Farm") to the plaintiffs regarding their property in Chalmette, Louisiana. Specifically, the plaintiffs allege that some time after receiving a letter from a loan office on July 25, 2005, they contacted Kert LeBlanc and "questioned 'Robin' at Kert Leblanc's

[sic] office" as to why the flood policy were low, and that their "concerns" were never addressed by these defendants, resulting in the plaintiffs' property being grossly underinsured.  (Pet. ¶¶ XVII - XX).  The petition was removed on the basis of diversity jurisdiction alone.

State Farm argues that Kert LeBlanc and Kert LeBlanc Insurance Agency, Inc. (collectively "LeBlanc"), the non-diverse agent defendants, were fraudulently joined in order to defeat removal.  "The burden of persuasion placed upon those who cry `fraudulent (improper) joinder' is indeed a heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981).  The removing party must demonstrate that there is no possibility that the plaintiffs would be able to establish a cause of action against the non-diverse defendants in state court.  Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994). This "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.." Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 572 (5th Cir. 2004)(en banc). See also Melder v. Allstate Corp, 404 F.3d 328,330 (5th Cir. 2005)(""[A]t issue is whether Defendants have established there is no reasonable basis Plaintiffs might be able to recover under Louisiana state law against the non-diverse defendant ..."   A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder.

Smallwood, 385 F.3d at 572.

The Court's prediction can be resolved in two ways: (1) by undertaking a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim against the in-state defendant or (2) where a claim has been stated but misstated or omitted discrete facts determinative of the propriety of joinder, minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. "[T]he inability of the to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Id.

Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested. Southern Athletic Club,LLC v. Hanover Ins. Co., 2006 WL 2583406 at *4 (citing Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d. 728, 730-31 (La. 1973)). If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. Id. However, an insurance agent's duty can be greater than merely procuring the insurance

requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. Id. (citing Graves v. St. Farm Mut. Auto Ins. Co., 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)).  On the other hand, it is unreasonable to assume that the agent is obligated to procure insurance that the client has not requested.  Dooley v. Wright, 501 So.2d 980, 985 (La. App. 2 Cir. 1987), writ denied, 512 So.2d 442 (La. 1987).

State Farm opposes the motion with an affidavit from Kert LeBlanc that the plaintiffs never requested an increase in flood policy limits prior to August 29, 2005. (Rec. Doc. 11, Exh. 3).  The affidavit makes no mention of "Robin," however, making it unresponsive to the allegations that are contained in the petition.   Under these circumstances, State Farm has failed to meet its burden regarding improper joinder.

The Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that the motion to remand filed by the plaintiffs, Vincent Mamelli and Cynthia Mamelli, is GRANTED. (Rec. Doc. 6). This matter is hereby REMANDED to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 16th day of January, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE